UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER A. WESTFIELD,

                                    Plaintiff,

    v.                                                              Civil Action No. _____

CHECK RESOLUTION SERVICE, INC.,

                                    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jennifer A. Westfield is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Check Resolution Service, Inc., (hereinafter "CRS") is a domestic business corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt for a payday loan. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by the original or current creditor to collect on the subject debt.

13. That in or about February, 2010, Defendant began contacting Plaintiff in an attempt to collect the subject debt.

14. That Plaintiff has never received any mailing from Defendant; specifically, Plaintiff has not received the required 30 day validation notice within 5 days of the initial communication with Defendant.

15. That in or about February, 2010, Plaintiff received a voice mail message on her cellular telephone from Defendant representative "Jack Burton". Plaintiff had not given consent to Defendant to contact her on her cellular telephone. In the subject message, Defendant fails to give Plaintiff the required mini-Miranda warning that the call was from a debt collector attempting to collect a debt. Defendant then states the following:

    A. "I'm calling in regards to a fax that was forwarded to my office;"
    B. "Check Resolution has asked me to give you a courtesy call about a bad check that was issued;"
    C. "Looks like I will be forwarding out your paperwork for immediate action in the form of a summons to appear in court;"
    D. "If you want to resolve this matter before I issue out the summons you need to contact Check Resolutions at 877-995-0657 with case number 106844."

16. That in or about February, 2010, Plaintiff returned Defendant's phone call. When Plaintiff asked to speak with "Jack Burton" the caller who left the previous message, Plaintiff was told "Jack Burton" did not work there. Defendant did not give Plaintiff a mini-Miranda warning. Plaintiff then informed Defendant that she was scared because she was told a summons was issued for her. Defendant stated that they issued the paperwork out for a summons, but if Plaintiff could "clear it" before being served, the

matter could be resolved in the office.  Plaintiff then inquired as to where the summons was filed and Defendant stated that it was in Erie County, but that it was not filed yet, that it only would be filed with the court once it was served.  Plaintiff then told Defendant she did not have the money so she would just take the summons.  Defendant explained that if that was what Plaintiff wanted that was fine because Defendant would not tell Plaintiff what to do.

17. That during the same conversation as is reiterated in paragraph 16, Plaintiff was then put on hold for an extended period of time.  When off hold, Plaintiff then spoke with Defendant representative "Charles" and asked again about the summons being issued. Defendant did not give Plaintiff a mini-Miranda warning and stated that he did not see that document, that all he saw was paperwork for quick cash.  Thereafter the conversation was terminated.

18. To date, Plaintiff has not been sued by Defendant.

19. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692g by not sending Plaintiff the required 30 day validation notice within five days of the initial communication with Plaintiff.

   B. Defendant violated 15 U.S.C. §1692e(11) by failing to give Plaintiff the required mini-Miranda warning that the communication was from a debt collector attempting to collect a debt in any of the communications between Plaintiff and Defendant.

   C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Plaintiff that a summons was issued in Erie County for Plaintiff to appear in court, when in fact no summons had been issued.  Plaintiff had neither the legal authority nor the intent to issue a summons and as such it was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

   D. Defendant violated 15 U.S.C. §1692f(5) by calling Plaintiff's cellular telephone without consent, thus causing charges to be incurred by Plaintiff.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 26, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
        kirving@kennethhiller.com